# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**COURTNEY R. LOGAN**                                              **PETITIONER**

**V.**                                                             **NO. 4:14CV52-DMB-DAS**

**STATE OF MISSISSIPPI, ET AL.**                              **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the Court on the *pro se* petition of Courtney R. Logan for a writ of *habeas corpus* under 28 U.S.C. § 2254. Logan was convicted on November 28, 2012, for aiding felony escape, possession of a firearm by a convicted felon, and kidnapping in Leflore County, Mississippi, and is currently serving seven life sentences in the custody of the Mississippi Department of Corrections. He is currently pursuing a direct appeal of his convictions and sentences in Mississippi state court.

## Exhaustion

The instant petition will be dismissed for failure to exhaust. "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the

federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

In the instant petition, Logan concedes that the direct appeal of his convictions and sentences is currently pending in state court. As such, he has not exhausted state remedies, and his petition for a writ of *habeas corpus* will be dismissed without prejudice for that reason. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 28th day of April, 2014.

    <u>/s/ Debra M. Brown</u>
**UNITED STATES DISTRICT JUDGE**